UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARIE D.,                                    )
                                             )
         Plaintiff                           )
                                             )
v.                                           )          2:21-cv-00310-JAW
                                             )
KILOLO KIJAKAZI, Acting Commissioner         )
of Social Security,                          )
                                             )
         Defendant                           )

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff does not have a severe impairment or combination of impairments. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the December 18, 2020 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 8-2).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

The Appeals Council vacated an earlier decision by the ALJ, issued January 13, 2020. (R. 115-16; *see* R. 101-08.) The Appeals Council directed the ALJ to evaluate further Plaintiff's mental impairment, finding

steps 1 and 2 of the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has the medically determinable impairments of obstructive sleep apnea, insomnia, obesity, hypertension, hyperlipidemia, restless leg syndrome, lichen sclerosus, anxiety disorder, and depressive disorder. (R. 15.)  The ALJ determined, however, that Plaintiff does not have an impairment or combination of impairments that has significantly limited or is expected to limit significantly Plaintiff's ability to perform basic work-related activities for twelve consecutive months. (R. 16.)  The ALJ, therefore, found that Plaintiff does not have a severe impairment or combination of impairments, and thus determined that Plaintiff was not disabled. (R. 22.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

---

the initial decision was "unclear [on] what limitations the claimant has in the abilities to understand, remember, or apply information, interact with others, and adapt or manage oneself." (R. 115.)  The Appeals Council also directed the ALJ to provide further evaluation of Plaintiff's impairments and the opinion of nurse practitioner Carri Kivela, NP-C. (R. 116.)

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred when he did not find her obstructive sleep apnea and anxiety to be severe impairments. Plaintiff contends she does not sleep well and is continually exhausted. (R. 17.) She also claims an ongoing level of anxiety that contributes to her sleep dysfunction and negatively affects her memory, concentration, and mood. (*Id.*) Plaintiff maintains the ALJ's assessment at step 2 of the sequential evaluation process is not supported by substantial evidence.

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(ii). The step 2 requirement of "severe" impairment imposes a de minimis burden, designed merely to screen groundless claims. *McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

3

A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity. *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014). Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment. *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2, *aff'd*, 2009 WL 361193.

The ALJ acknowledged an initial sleep study in October 2018, which study showed severe sleep disordered breathing with a moderate desaturation response. (R. 18; *see* 458.) Plaintiff's health care provider prescribed a CPAP machine. The ALJ described Plaintiff's sleep apnea as "generally controlled with adherence to the prescribed treatment," although noted that Plaintiff reports that her sleep is better the first part of the night but overall remains fragmented. (*Id*., citing R. 456, 472.)

While recognizing that Plaintiff in part contends that the sleep apnea, particularly when combined with her anxiety, affects her ability to perform basic work functions, Plaintiff fails to point to any persuasive record evidence to support a finding that the ALJ erred in his assessment of the affect of Plaintiff's sleep apnea. In fact, the treating health care provider upon whom Plaintiff relies to support her claim of disability, Carri Kivela, NP-C, found that Plaintiff's sleep apnea is treated with CPAP and Plaintiff's AHI (Apnea-Hyponea Index) "is now normal." (R. 511.) Furthermore, though NP-C Kivela writes that Plaintiff's sleep apnea is associated with cognitive changes and mood disorders (R. 513), the records, including NP-C Kivela's notes, reflect that Plaintiff's mood was pleasant and her judgment intact. (*see e.g.*, R. 452, 468, 521.) Finally, state

agency consultant Donald Trumbull, M.D., when assessing the impact of Plaintiff's sleep apnea, found "no objective exam/testing evidence of daytime somnolence or other related evidence of being severely limiting." (R. 81.)  Given the records of NP-C Kivela regarding the effectiveness of the treatment of Plaintiff's sleep apnea, the lack of substantiated impact of the sleep apnea on Plaintiff's ability to perform basic work activities, and the opinion of the consulting expert, the ALJ's conclusion that Plaintiff's sleep apnea did not constitute a severe impairment is supported by substantial evidence.

The remaining issue is whether the ALJ's finding that Plaintiff's anxiety is not a severe impairment is supported by substantial evidence.  In support of her claim, Plaintiff relies principally on NP-C Kivela, who diagnosed Plaintiff with anxiety.  (R. 511.)  NP-C Kivela determined that Plaintiff would frequently experience symptoms severe enough to interfere with her attention and concentration, and that Plaintiff is likely to be absent from work more than four days per month.  (R. 512-13.)  Plaintiff also cites her own reports regarding the impact of her anxiety on her daily activities to support her claim.

The ALJ found NP-C Kivela's opinion unpersuasive, concluding that it is inconsistent with the record, including NP-C Kivela's treatment records, which describe Plaintiff as routinely presenting alert, oriented, polite, and cooperative.  (R. 20.)  As the ALJ noted, at various medical appointments, Plaintiff denied experiencing anxiety and depression, and the record lacks evidence of mental health treatment.  (R. 19, citing 449, 451, 458, 467.)  In addition, Plaintiff's anxiety is generally not included among her complaints in NP-C Kivela's treatment records.  As the ALJ also accurately recounted, despite Plaintiff's "alleged symptoms and limitations, the record reveals that she is able

5

to complete numerous daily activities, including bathing, getting dressed, preparing meals, shopping, and completing household chores, [as well as] going to the gym, walking on the treadmill, doing puzzles, and watching television." (*Id.*, citing 435, 449, 456, 508.) In short, the ALJ supportably discounted the opinions of NP-C Kivela.

The ALJ also supportably relied on the assessment of Edward Hurley, Ph.D., who after review of Plaintiff's mental health records and Plaintiff's statements regarding her impairments and activities, determined that Plaintiff's mental impairments cause no more than mild limitations in any of the paragraph B criteria[2] of Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety related disorders), found at 20 C.F.R. Pt. 404, Supt. P, App.1, ¶ A. (R. 19, citing R. 91.) Dr. Hurley found Plaintiff's anxiety and depressive impairments to be nonsevere. (*Id.*) He opined that Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace, but no limitations in the other three Paragraph B criteria. (R. 91, 92.)

Plaintiff essentially asks the Court to re-weigh the evidence considered by the ALJ. The Court is not to re-weigh the evidence, but to determine whether the ALJ's decision is supported by substantial evidence on the record. While the record might contain evidence that conflicts with the ALJ's determination, "the resolution of conflicts in the evidence is for the [ALJ], not the courts." *Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991); *see also Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) *(aff'd*, D. Me. July 11,

---

[2] The four paragraph B criteria are (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting and managing oneself.

2017) (*aff,d*, 1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.")   For the reasons discussed above, the ALJ's decision is supported by substantial evidence,  The ALJ, therefore, did not err in his step 2 analysis of Plaintiff's sleep apnea and anxiety.[3]

### CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

### <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2022.

---

[3] To the extent Plaintiff contends that the anxiety and sleep apnea combined to limit significantly Plaintiff's ability to perform basic work activities, Plaintiff's argument fails.  As discussed above, the impact of Plaintiff's sleep apnea, if any, is limited due to treatment and the sleep apnea results in no conditions that could combine with the mild limitations generated by Plaintiff's anxiety to limit significantly Plaintiff's ability to perform basic work activities.  The ALJ, after an assessment of Plaintiff's conditions and symptoms, supportably relied on the opinions of the state agency consultants, and concluded that Plaintiff's "physical and mental impairments, considered singly and in combination, do not significantly limit [Plaintiff's] ability to perform basic work activities." (R. 22.)